(93 Misc. Rep. 503)

### MYERS v. DOCK CONTRACTOR CO.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

APPEAL AND ERROR ☞1001—REVERSAL—EVIDENCE TO SUPPORT JUDGMENT.

    In an action for damages for injury to merchandise caused by the flooding of premises occupied by plaintiff on certain days through the negligence of the defendant in constructing a subway, where the plaintiff's own evidence showed that the flooding was in no way connected with improper construction of a wall built by defendant, as alleged, the judgment for plaintiff would be reversed, and the complaint dismissed.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ☞1001.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Actions by Seligman A. Myers, doing business under the firm name and style of H. & E. & S. Myers, against the Dock Contractor Company. From judgments in favor of the plaintiff, defendant appeals. Judgment in action No. 1 reversed, and complaint dismissed, and judgment in action No. 2 affirmed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Phelan Beale, of New York City (Robert M. Richter, of New York City, of counsel), for appellant.

Feiner & Maass, of New York City (David R. Bernstein, of New York City, of counsel), for respondent.

GUY, J.   Defendant appeals from judgments in favor of plaintiff in two actions tried together by the court, without a jury, brought to recover damages for injury to merchandise caused by the flooding of premises occupied by plaintiff, through the alleged negligence of the defendant.

Defendant was engaged in building a section of the subway under a contract with the city of New York, pursuant to chapter 4, Laws 1891, and the acts amendatory thereof.   Plaintiff, as tenant, occupied the first floor and basement of 684 Broadway, on the northeast corner of Great Jones street, and a vault space adjacent thereto, which extended beyond the building line under the sidewalk to the curb line for a distance of about 40 feet along Broadway and 80 feet in Great Jones street.

The plans for the construction of the subway included the permanent use of most of the vault under Broadway; the wall of the proposed subway coming within a foot or two of the Broadway building line and parallel to it.   A portion of the vault space under Great Jones street was to be used similarly.   About 20 feet of the Great Jones street wall of the vault, beginning at the Broadway curb line and running east, was torn down in the course of the construction of the subway and rebuilt with a catch-basin or sewer at the easterly end.   There is no allegation or proof in the complaint that plaintiff had ever actually received from the city any license to use or occupy said vault space; the only evidence thereof being the actual use of the vault space by plaintiff since entering into possession of the premises 684 Broadway as lessee.

Although these two cases were tried as one action, there are two judgments—one, in action No. 1, for $136.50 for damage done on May 5 and May 22, 1915, to plaintiff's property, by water coming into the Great Jones street vault adjacent to premises 684 Broadway; the other, in action No. 2, for $404.71, damage done June 30, 1915, to his property by water coming from Broadway into the plaintiff's basement in said premises.   The facts are different in the two actions.

As to action No. 1, damage done by water coming from Great Jones street, plaintiff's own evidence shows that the damage occurring on May 5 and May 22, 1915, was caused by water coming through the old wall on the Great Jones street side, at a point east of the easterly limit of the new subway wall, and was in no way connected with improper construction of the wall constructed by the defendant.

The judgment in action No. 1, for $136.50, must therefore be reversed, with $30 costs, and the complaint dismissed, with costs.

Action No. 2 is brought to recover for damages occurring on June 30, 1915, by reason of the flooding of the basement of 684 Broadway, occupied by the plaintiff, through the alleged improper construction of the wall separating the subway from plaintiff's premises, and the

alleged negligence of the defendant in failing to use adequate waterproofing material in or during the construction thereof. There is ample evidence in this action to support the finding of the court as to defendant's negligence as the proximate cause of the injury to plaintiff's merchandise, and as to the extent of such damage.

Judgment in action No. 2, for $404.71, must therefore be affirmed, with $25 costs. All concur.